**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. IGEL, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No. **'21CV1362 BEN JLB** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** Michael E. Igel ("Plaintiff"), by and through the undersigned attorney, complaining of Midland Credit Management, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Southern District of California, Defendant conducts business and maintains significant business contacts in the Southern District of California.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age.

5. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Plaintiff incurred a personal debt with Capital One Bank for $3,149.80 ("subject debt").

7. Thereafter, due to the pandemic, Plaintiff fell behind on payments and Defendant acquired the right to collect on the subject debt.

8. Around May 2021, Defendant began placing phone calls to Plaintiff's cellular phone number (314) XXX-5625, in an attempt to collect on the subject debt.

9. Soon after Defendant's calls began, Plaintiff answered a call from Defendant and expressed his financial struggle and that he no longer wanted to receive calls from Defendant.

10. On June 28, 2021 Defendant placed a call to Plaintiff's girlfriend while she was at work and demanded a payment be made and forced Plaintiff's girlfriend to enter into a payment arrangement on Plaintiff's behalf.

11. In an attempt to end the harassment campaign of contacting him and his girlfriend, Plaintiff made several calls to Defendant to speak with a supervisor as to the conduct of Defendant contacting his girlfriend.

12. Plaintiff spoke with a supervisor, named Chad, who told Plaintiff that contacting his girlfriend, in an attempt to collect on the subject debt, is completely legal and is a tactic he

2

has used for 8 years.

13. Plaintiff is distressed over the calls Defendant placed to his girlfriend and feels that Defendant used unethical tactics of pressuring his girlfriend into making a payment that is unrelated to her.

14. Defendant has placed numerous calls to Plaintiff's cellular phone, including back-to-back days, in an attempt to collect on the subject debt.

15. Frustrated over Defendant's conduct, Plaintiff spoke with attorneys regarding his rights, with the hope of ending the harassing attacks and unfair practices by Defendant.

### DAMAGES

16. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

18. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

24. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), and f, through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt the subject debt.

29. Moreover, Defendant was repeatedly notified by Plaintiff that Defendant's calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to Plaintiff.

4

30. Defendant violated §1692c(b) by engaging in prohibited communication practices with someone who is not the consumer, consumer's attorney, or credit bureau when it contacted the Plaintiff's wife, disclosing highly private information regarding the subject debt and Plaintiff.

31. Moreover, Defendant placed a call to Plaintiff's girlfriend while she was at work and demanded a payment be made and forced Plaintiff's girlfriend to enter into a payment arrangement on Plaintiff's behalf.

### b. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that the calls cease.

33. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

### c. Violations of FDCPA § 1692f

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff through harassing means. Defendant repeatedly attempted to coerce Plaintiff into making a payments, and continuously pressuring him to provide information about the subject debt. These means employed by Defendant only served to worry, harass and cause distress to Plaintiff.

35. Defendant had been told by Plaintiff to stop calling him multiple times. Nevertheless, it persisted with its phone call campaign in contacting him, and knew that its conduct was inconvenient and harassing to Plaintiff.

36. As an experienced debt collector, Defendant knew or should have known the

ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt.

37. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Michael E. Igel respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further communicating with Plainitff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: July 29, 2021                                    Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda, Esq.
Cal. Bar No. 259178
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com
*Attorney for Plaintiff*